

# The Attorney General of Texas

January 5, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas  77002

Opinion No.  MW-290

Re:  Whether a county may expend proceeds of the sale of bonds and other county funds to construct permanent improvements on leased land

Dear Mr. Resweber:

You have requested our opinion on the following question relating to county expenditures:

> Can Harris County expend proceeds of the sale of the $3,800,000 Harris County Office and Courts Building Bonds, Series 1979-A, to remodel, improve or equip portions of the Center Pavilion Hospital building which Harris County has leased?

Center Pavilion Hospital is owned by the Harris County Hospital District established under article 4494r, V.T.C.S. In addition, you have also asked a number of questions about the county auditor's responsiblities in connection with the bond proceeds and lease agreement.

The bonds in question were issued under the authority of article 2370b, V.T.C.S. Section 1 of the statute authorizes the county to "purchase, construct, reconstruct, remodel, improve and equip, or otherwise acquire an office building or buildings" for county purposes. (Emphasis added). In our opinion, the underlined language authorizes the county to acquire a building by leasing it or by executing a lease-purchase agreement. See Attorney General Opinions H-23 (1973); M-832 (1971) (authority to acquire includes authority to acquire by lease or lease-purchase agreement). Section 3 authorizes a bond issue to pay for the improvement of "such buildings," that is, buildings acquired under section 1. Thus, we believe you have statutory authority under article 2370b to issue bonds to pay for the improvement and equipment of a building acquired by lease. The bond proposition tracks the language of article 2370b, section 3; and the proceeds may therefore be used for the purpose you inquire about.

The county may use public funds to improve leasehold estates without violating article III, section 52 of the Texas Constitution, which provides in pertinent part:

> [T]he Legislature shall have no power to authorize any county. . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

In Attorney General Opinion H-403 (1974), this office held that the similar language of article III, section 50 of the constitution did not prohibit a state agency from constructing a building on leased land, if the expenditure was for a proper public purpose and made in exchange for adequate public benefits. See also Attorney General Opinion H-416 (1974) (Texas Aeronautics Commission may make grant for improvement of municipal airport located on leased land). We believe the reasoning of Attorney General Opinion H-403 applies to the improvement of leasehold estates by the county. See also Attorney General Opinion H-445 (1974) (county may use bond proceeds to enlarge hospital and lease back to private, non-profit corporation).

You express concern that the improvements financed out of bond proceeds would be subject to the mortgage of the Center Pavilion Hospital. However, by the terms of section 6(b) of the lease agreement, any improvements removeable without damage to the building are not subject to the lien of the mortgage. Second, this is an authorized county mortgage under article 4494r-2, V.T.C.S., and, as such, clearly comes within the purview of the language in article 2370b as to buildings "otherwise acquired" by the county.

You also ask the following question:

> Can Harris County expend county funds other than bond proceeds to remodel or improve portions of the Center Pavilion Hospital building?

We believe the county may use funds other than bond proceeds to remodel or improve portions of the Center Pavilion Hospital building. See V.T.C.S. art. 2370b, §1; Attorney General Opinion H-403 (1974).

You enclose a copy of the lease agreement between Harris County Hospital District as lessor and Harris County as lessee and ask whether it is a valid binding lease for Harris County. In approving the bond issue incident to the Center Pavilion Project, the attorney general's office in effect passed on the validity of the underlying lease agreement. This question asks our office to review its official action in approving bonds under article 4398, V.T.C.S., which we believe is inappropriate for us to do. Consequently, we will not address this question.

You next ask whether the county auditor may properly certify that funds are or will be available to make payments on the lease as the debt matures. As to the first

year, 1980, the county auditor can certify as to availability of funds as such funds have been escrowed from the proceeds of the bonds pursuant to article VIII, section 8.3 of the restated bond order passed by the commissioners court. The lease agreement provides that thereafter the county auditor shall certify as to funds being available pursuant to article 1666a, V.T.C.S. That statute provides that the auditor certifies as to funds being available when the budget has been approved by the commissioners court.

You inquire about the auditor's responsibility regarding financial transactions arising from the lease; for example, payment of rent, use of bond proceeds to renovate the project, and operation, maintenance and insurance of the project. Article 1666a, V.T.C.S., provides that once the commissioners court approves the budget the county auditor shall open an appropriation account for this budget item against which the financial transactions may be charged.

You ask about the date as of which the auditor is required to set up an encumbrance for rent payments. Section 3 of the lease ageement provides that the leasehold estate shall commence as of the date of execution of the lease. The encumbrance for any rent payment should be set up as of that date.

You inquire about the auditor's responsibility with respect to the bond proceeds. Section 6 of the lease provides that the county has control of the bond proceeds. The auditor has broad authority to audit county funds. V.T.C.S. art. 1651; Attorney General Opinion H-777 (1976). It is the auditor's responsibility to audit proceeds from the sale of bonds and to audit the disposition of proceeds.

You ask whether the county must have the property covered by insurance. Section 7 of the lease places this responsibility on the county.

You also wish to know whether the county may approve payment of operating and maintenance costs of the building for the remaining months of 1980. It may do so, since it has legally incurred these obligations.

You ask who controls the investment of money or deposit on the interest and sinking fund and whether the auditor has the responsibility for accounting for or auditing those earnings. Once the basic rent established by the lease moves from the appropriation account to the trustee for deposit in the interest and sinking fund, the trustee as fiduciary has responsibility for investment of the money, subject to the provisions of the Texas Trust Act. See V.T.C.S. arts. 7425b-1 to 7425b-47. The trustee is responsible for accounting for or auditing such earnings.

You ask whether the auditor has a responsibility to approve county payments to improve property belonging to the hospital district and pledges to Texas Commerce Bank as trustee under the hospital district indenture. The county auditor has the ministerial duty of approving county payments relating to Center Pavilion improvements as these payments are made pursuant to a valid and binding obligation of the county.

You finally ask whether the county has a responsibility for the subleases of the property.  The county, as lessor, bears responsibility for subleases.  The lease agreement requries that any such subleases should clearly be approved as to legality by the county attorney.  As the county will be the recipient of the payments due on the sublease, audit of the subleases is clearly within the province of the county auditor.

### SUMMARY

Harris County may spend proceeds of bonds issued under article 2370b, V.T.C.S., to improve or equip a building leased from the Harris County Hospital District.  The county may also use funds other than bond proceeds to improve the leased building.  The county auditor's responsibilities with regard to the bond proceeds and the financial transactions under the lease may be determined by examining the lease agreement and articles 1651 and 1666a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Lee Voss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Rick Gilpin
Susan Lee Voss